UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
OCT 3 0 2024
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>YUNIESKY RODRIGUEZ HERNANDEZ )<br>and )<br>EVIER CARRETO YEDRA, )<br>)<br>Defendants. ) | 4:24CR566 MTS/SPM |

## INDICTMENT

The Grand Jury charges that:

### INTRODUCTION

At all times material to this Indictment, unless otherwise specified below:

1. Great Southern Bank and First State Community Bank, the deposits of which are insured by the Federal Deposit Insurance Corporation, are and were financial institutions within the meaning of Title 18, United States Code, Sections 20 and 1344.

2. Skimming devices are machines that collect the data stored in the magnetic stripes of credit and debit cards. The devices can be installed on point-of-sale terminals, such as gas pumps, and concealed to look like legitimate card readers.

### COUNT 1
### Conspiracy to Commit Bank Fraud (18 U.S.C. § 1349)

3. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

4. Beginning no later than in or around July 6, 2024, and continuing through at least in or around July 10, 2024, in the Eastern District of Missouri and elsewhere, the defendants,

**YUNIESKY RODRIGUEZ HERNANDEZ and**
**EVIER CARRETO YEDRA,**

and others known and unknown to the Grand Jury, voluntarily and intentionally conspired, combined, and agreed to commit the following offense against the United States: knowingly executed and attempted to execute a scheme and artifice to defraud a financial institution and to obtain money or property in the custody and control of a financial institution, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Section 1349.

### Object of the Conspiracy

5. The object of the conspiracy was to steal banking account information from victims through the use of skimming devices unlawfully installed on gas pumps; and, to present the illegally obtained account information to banks or retailers for purposes of fraudulently obtaining money under the custody and control of financial institutions.

### Manner and Means of the Scheme and the Conspiracy

6. The manner and means of the scheme and conspiracy to commit bank fraud were as follows:

7. RODRIGUEZ HERNANDEZ and CARRETO YEDRA, and/or their co-conspirators, placed skimming devices on gas pumps in order to illegally record the bank account information and PIN numbers of legitimate banking customers.

8. Specifically, on or about July 6, 2024, RODRIGUEZ HERNANDEZ and CARRETO YEDRA, and/or their co-conspirators, placed a skimming device on one or more gas pumps in or around Lancaster, Missouri, within the Eastern District of Missouri.

9. On or about July 10, 2024, RODRIGUEZ HERNANDEZ and CARRETO YEDRA returned and pried open a gas pump in Lancaster, Missouri, on which a skimming device had been

placed, in an attempt to recover the device.

10. Using skimming devices, RODRIGUEZ HERNANDEZ and CARRETO YEDRA successfully derived the private banking account information of hundreds of victims, and maintained the illegally-obtained information on their personal devices; to wit, a Samsung cellular telephone and a Lenovo laptop.

11. CARRETO YEDRA transferred the illegally-obtained financial information to unknown co-conspirators, including via the communication application What's App, for purposes of utilizing the information to defraud individual victims and financial institutions maintaining custody of monies belonging to such victims.

## COUNT 2
**Possession in Connection with Access Devices (18 U.S.C. §§ 1029(a)(3) & 2)**

12. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

13. On or about July 10, 2024, in the Eastern District of Missouri, the defendants,

**YUNIESKY RODRIGUEZ HERNANDEZ and
EVIER CARRETO YEDRA,**

each aiding and abetting each other, did knowingly and with intent to defraud possess fifteen or more devices which are unauthorized access devices, which were issued by financial institutions operating in interstate commerce.

In violation of Title 18, United States Code, Section 1029(a)(3) and (c)(1)(a)(i).

## COUNT 3
**Aggravated Identity Theft (18 U.S.C. § 1028A)**

14. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

15. On or about July 10, 2024, in the Eastern District of Missouri, the defendant,

**YUNIESKY RODRIGUEZ HERNANDEZ**,

did knowingly possess, without lawful authority, a means of identification of another person, to wit, the electronic identification number issued by Great Southern Bank to victim T.K., and the name of victim T.K., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, a violation of 18 U.S.C. § 1029(a)(3) as set forth in Count 2 herein, and a violation of 18 U.S.C. § 1349 as set forth in Count 1 herein, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

### COUNT 4
### Aggravated Identity Theft (18 U.S.C. § 1028A)

16. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

17. On or about July 10, 2024, in the Eastern District of Missouri, the defendant,

**EVIER CARRETO YEDRA**,

did knowingly possess and transfer, without lawful authority, a means of identification of another person, to wit, the electronic identification number issued by First State Community Bank to victim G.N., and the name of victim G.N., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, a violation of 18 U.S.C. § 1029(a)(2) as set forth in Count 2 herein, and a violation of 18 U.S.C. § 1349 as set forth in Count 1 herein, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

### FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and (a)(2)(B), upon

conviction of a conspiracy to commit an offense in violation of Title 18, United States Code, Section 1344, as set forth in Count 1, and upon conviction of an offense in violation of Title 18, United States Code, Section 1029, as set forth in Count 2, or, the Defendant(s) shall forfeit to the United States any property constituting, or derived from, proceeds the Defendant(s) obtained, directly or indirectly, as a result of such violation(s). Subject to forfeiture is a sum of money equal to the total value of property, real or personal, constituting or derived from any proceeds traceable to such violation(s).

2.  Pursuant to Title 18, United States Code, Section 1029(c)(1)(C), upon conviction of an offense in violation of Title 18, United States Code, Section 1029, as set forth in Count 2, the Defendant(s) shall forfeit to the United States any personal property used or intended to be used to commit said offense(s).

3.  If any of the property described above, as a result of any act or omission of the Defendant(s):
    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
CORT A. VANOSTRAN, #67276MO
Assistant United States Attorney